IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RONALD B. BENTLEY,  *

    Claimant,  *

v.                                    CASE NO. 7:07-CV-137 (WLS)
                                  *  Social Security Appeal

MICHAEL J. ASTRUE,
Commissioner of Social Security,  *

    Respondent.  *

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ improperly failed to consider all of the medical evidence in finding that Claimant was not disabled?**

II. **Whether the ALJ erred in composing an incomplete hypothetical to the vocational expert?**

III. **Whether the ALJ failed properly evaluate the Claimant's subjective allegations of pain?**

## Administrative Proceedings

Claimant filed an application for Supplemental Security Income payments on December 10, 2003. (R-10, p. 4). Claimant's application was denied on initially and on reconsideration. *Id.* Claimant then filed a request for a hearing, which was held on April 6, 2006. (T- 22). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated June 15, 2006. (T-22-29). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-6-8).

## Statement of Facts and Evidence

Claimant alleges that he is disabled due to neck, back, shoulder and right arm pain, as well as poor vision and balance problems. (R-10, p. 4). After examining the medical records, the ALJ determined that Claimant's possessed degenerative joint disease, arthritis, borderline intellectual functioning, and a history of alcohol abuse; impairments that were severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-26). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform simple work at the light exertional level and that Claimant would be unable to return to his past relevant work. (T-26-27). The ALJ found, however, that there were a significant number of jobs that Claimant could perform in the national economy, thus determining that Claimant was not disabled.

# DISCUSSION

**I.   Did the ALJ fail to consider all of the medical evidence in finding that Claimant was not disabled?**

Claimant first contends that the ALJ committed reversible error where, in his findings, he failed to reference specific opinions found in psychological assessments performed at a VA hospital, as well as the Global Assessment of Functioning (GAF) scores from the same appointments. (R-10, p. 15, 16). Claimant also alleges that the ALJ failed to complete a PRTF (Psychiatric Review Technique Form) in this case. *Id.*

It is the law, with regard to the evidence of record in a social security appeal, that "the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Hudson v. Heckler*, 755 F.2d 781, 786 (11th Cir. 1985).

Claimant argues that medical records from a VA hospital show that he had a Global Assessment of Functioning (GAF) score of 50 in 2005, and a GAF score of 48 in 2006, but that the ALJ failed to even mention the reports in his findings. (R-10, p. 12,13). A GAF score is a subjective determination which represents "the clinician's judgment of the individual's overall level of functioning." *Id*. A person with a GAF of 41-50 would exhibit "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or serious impairment in social, occupational, or school functioning (e.g. no friends, unable to keep a job)." American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental*

5

*Disorders,* 34 (4th ed. (Text Revision) 2000). The Commissioner, however, has declined to endorse the GAF scale for "use in the Social Security and SSI disability programs," and has indicated that GAF scores have no "direct correlation to the severity requirements [of the] mental disorders listings." 65 Fed. Reg. 50746, 50764-65 (2000). As such, although GAF scores can be helpful in an ALJ's decision making process, they are not determinative.

After reviewing the record, along with Claimant's contention, it appears the claim is without merit. First, while the ALJ may not have mentioned Claimant's GAF scores, the Social Security Administration is not bound by them. Secondly, it is clear from the Findings that the ALJ found Claimant's Borderline Intellectual Functioning to be severe under 20 C.F.R. § 416.920(c). The medical record does not indicate that Claimant had any greater limitations than found by the ALJ. As the Regulations state, the burden of proving that he is disabled is on the Claimant. *See* 20 C.F.R. 416.912. That means that "[I]n an action seeking disability benefits, the burden is upon the claimant to demonstrate existence of a disability as defined by the Social Security Act. *Brady v. Heckler,* 724, F.2d 914, 918 (11th Cir. 1984); *citing Fortenberry v. Harris,* 612 F.2d 947 (5th Cir.1980).

As stated above, Claimant also argues that the ALJ failed to complete a PRTF (Psychiatric Review Technique Form) in violation of the regulations and the holding in *Moore v. Barnhart.* 405 F.3d 1208 (11th Cir.). *Id. Moore* states that "[W]here a Claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, **or** incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." *Moore*, 405 F.3d at

1214(emphasis added). The court found that an ALJ is required to complete the PRTF or incorporate that analysis of the effect of the claimant's mental impairment on the four functional areas of: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id; See also* 20 C.F.R. § 404.1520a-(c). An ALJ is required to address these four areas of functioning using the "technique" required under 20 C.F.R. 404.1520a.

The PRTF, which contains a series of broad questions aimed at guiding the ALJ's evaluation of the severity of a claimant's mental impairments, is an inquiry directly implicated at steps 2 and 3 of the sequential evaluation process. *See* 20 C.F.R. § 404.1520a. The PRTF is used to assist the ALJ in making a determination as to the severity of the Plaintiff's impairments. 20 C.F.R. § 416.920a(d)(3). It is then up to the ALJ to analyze the Plaintiff's residual functional capacity (RFC) to ultimately determine whether a disability exists. *Id.*; SR 96-8p.

In Claimant's case, although the ALJ did not complete a PRTF, he did analyze and incorporate the PRTF's mode of analysis into his decision. In his findings the ALJ stated:

> "[Claimant's] skilled work history is inconsistent with mild mental retardation. Thus, with respect to the evidence of Borderline Intellectual Functioning, the threshold requirement of listing 12.05 (Mental Retardation) has not been satisfied. . . . No mental impairment has caused more than mild restriction of activities of daily living; moderate limitations in social activities; moderate restrictions in concentration, persistence or pace; with no episodes of decompensation." (T- 26).

After reviewing the medical record along with the ALJ's determinations regarding

7

Claimant's mental impairments, no error is found to have been made. The records from Claimant's physicians, as well as the consultative examiners, fail to establish that he had any more than moderate functional limitations therefrom. The court finds that the ALJ provided sufficient information as to the weight he afforded the significant and relevant evidentiary items related to the impairments at issue in this case to allow the court to determine whether his decision was rational and supported by substantial evidence. *See Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986); *Hudson v. Heckler*, 755 F.2d 781, 785-86 (11th Cir. 1985).

**II.     Did the ALJ err in composing an incomplete hypothetical to the VE?**

It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity. *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977); *See also Freeman v. Schweiker*, 681 F.2d 727, 730 (11th Cir. 1982); *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980). Taken further, hypothetical questions posed to vocational experts by ALJs must set out precisely the claimant's particular physical and mental impairments. *Taylor v. Sullivan*, 951 F.2d 878, 882 (8th Cir. 1991). *See also Kosman v. Shalala*, 1993 U.S. App. LEXIS 9108 (9th Cir.). In addition, a hypothetical need only contain a claimant's credible limitations. *See Pertuis v. Apfel*, 152 F.3d 1006, 1007 (8th Cir. 1998).

Claimant contends that the hypothetical questions asked of the vocational expert were incomplete where the ALJ failed to incorporate "unrejected findings regarding [his] ability to function." (R-10, p. 16). Specifically, Claimant contends that the functional limitations

8

as found in the psychological assessments performed at the VA hospital in 2005 and 2006, which were not referenced by the ALJ, should have been included in the hypothetical question posed to the VE. *Id.* As it has been determined that Claimant's prior argument of error regarding the failure of the ALJ to mention his GAF scores was without merit, it follows that the ALJ did not err by failing to incorporate more severe functional limitations into the hypothetical question posed to the vocational expert.

Claimant further argues that a consultative examination performed in 2004, by Dr. Long, a psychologist, as well as the 2004 findings of a state agency non-examining physician, were improperly evaluated by the ALJ and therefore, improperly excluded from the questions posed to the VE. (R-10, p. 17). Immediately thereafter, however, Claimant argues that Dr. Long's finding that his mental capability was in the "borderline to low average when everything is considered" was an error, "as all the test results described by Dr. Long are far below average . . ." *Id.* Claimant then alleges that even if he was not mentally retarded, the low IQ scores as found by Dr. Long reflect limitations not properly evaluated by the ALJ. *Id.* Claimant then proceeds to note the state agency consultant's report which found Claimant to possess only moderate limitations regarding: concentration, persistence, pace, the ability to work with others, the ability to complete a workday or workweek, the ability to perform at a consistent pace without rest periods, and the ability to maintain socially appropriate behavior and adhere to basic standards of cleanliness and neatness. (R-10, p. 18).

It appears that Claimant is, in one breath, asking the court to find that the ALJ erred

9

in not *crediting* portions of Dr. Long's reports by incorporating his findings in the hypothetical, and in the next, tells the court that the ALJ erred in not *discrediting* other portions of his findings. Specifically, Claimant argues that the ALJ should have referenced Dr. Long's IQ findings with regard to his mental impairment, but that the functional limitation findings of Dr. Long were erroneous and should not have been relied on by the ALJ. (R-10, p. 18). The Eleventh Circuit Court of Appeals has repeatedly held, however, that, "[a]s a hearing officer the ALJ may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional." *Marbury v. Sullivan* 957 F.2d 837 (11th Cir. 1992), *Venette v. Apfel* 14 F.Supp. 2d 1307.

The record reveals that the ALJ did find that Claimant had borderline intellectual functioning, which he then deemed severe. (T-25). The ALJ, based partially on the reports of Dr. Long and the state agency consultant (finding that his impairments were more limiting than those found by the state agency consultant), as well as the medical evidence and testimony of the VE and Claimant himself, found that Claimant would have moderate limitations in social activities, concentration, pace, persistence, with no episodes of decompensation, mild restriction of daily activities, and would be limited to simple work with no interaction with the general public. (T-26). The ALJ then determined that Claimant's work history belied his contention that his borderline intellectual functioning imposed more limitations than were found to exist. As such, no error is found in the ALJ's ultimate determinations regarding the hypothetical questions posed to the vocational expert.

## III. Did the ALJ fail to properly evaluate the Claimant's subjective allegations of pain?

In his Brief, the Claimant also contends that the ALJ failed to properly evaluate Claimant's subjective allegations of pain. (R-13, p. 4). Specifically, Claimant argues that the ALJ failed to "apply the regulatory factors for evaluating credibility or indicate which allegations he found to be credible." (R-10, p. 19). Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995), *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983).

In his Findings, the ALJ discussed Claimant's medical records and work history with regard to the Claimant's allegations of the severity, i.e. the "intensity, duration and limiting effects" of his pain. (T-27). A review of the record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, and his functional restrictions to find that Claimant's allegations of pain were less than credible, and that the medical evidence of record did not support the severity alleged. *Id*.

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be

12

credible." S.S.R. 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.*

Applying the *Holt* test to this Claimant's pain allegations, the Court finds that the Claimant failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of his pain or that his medical condition was so severe as to reflect the alleged pain. As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported his credibility assessment with substantial evidence in the record. As such, no error is found in the ALJ's evaluation of Claimant's subjective allegations of pain.

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that

the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 30th day of May, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw